UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MALIBU MEDIA, LLC,

    Plaintiff,

    v.                                                Case No. 14-C-923

JOHN DOE subscriber assigned IP
address 184.58.161.131,

    Defendant.

**ORDER DENYING DEFENDANT'S MOTION TO QUASH AND GRANTING DEFENDANT'S MOTION TO PROCEED ANONYMOUSLY**

    This is an action in which the plaintiff, Malibu Media, LLC ("Malibu Media"), is seeking relief for copyright infringement by the defendant, who is identified as John Doe, Owner of IP address 184.58.161.131. Malibu Media filed its complaint on August 2, 2014. Accompanying its complaint was a motion to serve third-party subpoenas before any Rule 26 conference. On August 20, 2014, District Court Judge J.P. Stadtmueller granted Malibu Media's motion to serve third-party subpoenas.

    On September 22, 2014, the defendant filed a motion to quash the subpoena and a motion for leave to proceed anonymously. Shortly thereafter, on September 29, 2014, the defendant consented to magistrate judge jurisdiction. Therefore, the motion to quash and motion to proceed anonymously are now pending before this court. Malibu Media filed its response brief on October 6, 2014 and the defendant, after being given an extension of time to file a reply brief, filed such reply on November 3, 2014. For the reasons set forth below,

the defendant's motion to quash will be denied. However, the defendant's motion to proceed anonymously will be granted.

## Motion to Quash

The defendant moves to quash the third-party subpoena of Malibu Media issued to Time Warner Cable, seeking information as to the identity, including the name, address, email, and telephone number, of the subscriber assigned to the above IP address. The defendant offers the following arguments in support of the motion to quash. First, the defendant argues that, because the "hits" occurred so close in time to each other, it would make it unlikely that a complete copy of a digital movie was uploaded. And, according to the defendant, "[t]he exchange of one 'bit' does not prove infringement of a copyrighted movie." (Def.'s Mot. 4.) The defendant also argues that the subscriber of the identified IP address may not even be the actual infringer. Finally, the defendant argues that the subpoena infringes the subscriber's privacy interests and puts him/her at risk for harassment and coercion.

First, to the extent that the defendant claims that he/she did not infringe the plaintiff's copyright, such claim is not sufficient to thwart the discovery sought by the plaintiff via a properly issued subpoena. That claim goes to the merits, not to the legitimacy of the subpoena. *See Achte/Neunte Boll Kino Beteiligungs Gmbh & Co. v. Does 1-4,577*, 736 F. Supp. 2d 212, 215 (D.D.C. 2010) ("[T]he merits of this case are not relevant to the issue of whether the subpoena is valid and enforceable.")[1] Furthermore, the defendant's argument

---

[1] The defendant further argues that Malibu Media has not set forth a *prima facie* case of copyright infringement. A motion to quash is not the proper vehicle to address this argument. To the extent that the defendant wishes to pursue this argument, the court will

2

that the subscriber of the IP address may not be the actual infringer is of no merit. "Identifying the customers associated with the IP addresses of which plaintiff is aware is relevant to its claims. Even if the customer associated with the IP address is not necessarily the person who illegally download[ed] plaintiff's software, the customer's name is the first step in identifying the proper defendant." *reFX Audio Software, Inc. v. Does 1-111*, No. 13 C 1795, 2013 WL 3867656, at *2 (N.D. Ill. July 23, 2013) (noting division of authority among district courts regarding whether a party has standing to quash a subpoena issued to a non-party ISP). Finally, to the extent that the defendant objects to the disclosure of his/her identifying information because it is somehow "personal" or "private," such claim must be rejected because the defendant does not have any reasonable expectation of privacy in his/her subscriber information. *See id*. at 216. ("[C]ourts have held that Internet subscribers do not have an expectation of privacy in their subscriber information as they already have conveyed such information to their Internet Service Providers."); *see also Hard Drive Prods., Inc. v. Does 1-1,495*, 892 F. Supp. 2d 334, 340 (D.D.C. 2012). Accordingly, the defendant's motion to quash will be denied.

Because the defendant's motion to quash is being denied, the court rejects defense counsel's proposal to allow him to accept service for the defendant in lieu of allowing the plaintiff to subpoena Time Warner Cable. Judge Stadtmueller found good cause for the issuance of the subpoena, and this court finds the defendant's arguments in favor of quashing the subpoena unpersuasive.

---

entertain it in a properly filed motion.

## Motion to Proceed Anonymously

Next, the court will address the defendant's motion to proceed anonymously. Malibu Media does not object to allowing the defendant to remain anonymous through the end of discovery. However, even when a motion to proceed anonymously is unopposed, the court must make "an independent determination of the appropriateness" of the party's motion. *Doe v. City of Chicago*, 360 F.3d 667, 669 (7th Cir. 2004) (finding error where the district judge did not make an independent determination of the plaintiff's unopposed motion to proceed anonymously). In its determination, a court must consider the harm to the public interest in allowing a defendant to remain anonymous. *See Doe v. Smith*, 429 F.3d 706, 710 (7th Cir. 2005).

Recognizing that there is a potential for abuse in these types of cases, courts have allowed defendants to proceed anonymously. *See Malibu Media, LLC v. Reynolds, et al.*, No. 1:12-cv-6672, at Docket #52 (N.D. Ill.); *Malibu Media, LLC v. John Doe 1-37*, No. 1:12-cv-6674, at Docket #33 (N.D. Ill.); *Sunlust Pictures, LLC v. Does 1-75*, No. 1:12-cv-1546, at Docket #42 (N.D. Ill.). In this district, Judges Randa and Stadtmueller have also found good cause to allow defendants to proceed anonymously. *See Malibu Media, LLC v. John Doe*, Case No. 13-cv-239, at Docket #16 (finding good cause to allow the defendant to proceed anonymously); *Malibu Media, LLC v. John Doe*, Case No. 13-cv-536, at Docket #18 (simultaneously allowing defendants in Case No. 13-cv-544 and Case No. 13-cv-779 to proceed anonymously).

Here, similar to the findings in the above-referenced cases, there is good cause to allow the defendant in this case to proceed anonymously. The matters in this case involve highly sensitive and personal information. The defendant's privacy interests outweigh the

public's interest in knowing his/her identity. In other words, there is little harm to the public interest in allowing the defendant to remain anonymous. Moreover, the plaintiff will not be prejudiced by allowing the defendant to proceed anonymously. Accordingly, the defendant's motion for leave to proceed anonymously will be granted.

**NOW THEREFORE IT IS ORDERED** that the defendant's motion to quash the subpoena be and hereby is **DENIED**;

**IT IS FURTHER ORDERED** that the defendant's motion for leave to proceed anonymously be and hereby is **GRANTED**.

**SO ORDERED** this 4th day of November 2014 at Milwaukee, Wisconsin.

                              **BY THE COURT:**

                              s/ William E. Callahan, Jr.
                              WILLIAM E. CALLAHAN, JR.
                              United States Magistrate Judge